### ULRICH v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term, First Department.   March 13, 1916.)

CARRIERS ☞315(1)—INJURIES TO PASSENGERS—LIABILITY.

In an action for injuries from being pushed against an iron column while attempting to board an express train, the court's statement that the gravamen of plaintiff's claim was the overcrowded condition, and whether they had guards there in any number is entirely immaterial, is error, where it is not shown that the accident resulted solely from overcrowding to such extent that negligence could be predicated on failure to prevent the access of such a number of passengers, and the case should be submitted on the question whether defendant made provision for moderating undue crowding.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1281; Dec. Dig. ☞315(1).]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Anna C. Ulrich against the Interborough Rapid Transit Company.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

James L. Quackenbush, of New York City (Walter Henry Wood, of New York City, of counsel), for appellant.

Moss, Marcus & Wels, of New York City (Isidor Wels, of New York City, of counsel), for respondent.

WEEKS, J.   The plaintiff was injured at the City Hall station of the Elevated Railroad while attempting to board an express train by being pushed against one of the iron columns supporting the roof of the platform.   The court stated in the course of the trial that:

"The gravamen of the plaintiff's claim was the overcrowded condition which they allowed to exist; whether they had guards there in any number is entirely immaterial."

It was not shown that the accident resulted solely from overcrowding the platform to such an extent that negligence could be predicated upon the failure of defendant to prevent the access of such a number of passengers, and the case should have been submitted to the jury upon the question as to whether the defendant made provision for moderating undue crowding, and whether there was any negligent failure on the part of the platform men to discharge that duty.   Bacon v. Hudson & Manhattan Railroad Co., 154 App. Div. 742, 139 N. Y. Supp. 740.

The judgment and order should be reversed, and a new trial ordered, with $30 costs to appellant to abide the event.   All concur.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes