(95 Misc. Rep. 588)

### ULRICH v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term, First Department. June 28, 1916.)

1. CARRIERS ⬅315(3)—WAITING STATION—INJURIES TO PERSONS—PLEADING.
    Where negligence in failing adequately to guard crowded waiting platforms was sufficiently pleaded, the mere fact that it was alleged that the platform was crowded beyond its capacity did not require proof of such allegation, or detract from other pleaded negligence.
    [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1281; Dec. Dig. ⬅315(3).]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. CARRIERS &⇒320(7)—WAITING STATION—INJURIES TO PERSONS—PLEADING.
   Where the evidence tended to show continued undue pushing and crowding and lack of provision for controlling it at waiting platforms, plaintiff should have been allowed to go to the jury on such issues.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1149, 1153; Dec. Dig. &⇒320(7).]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Anna C. Ulrich against the Interborough Rapid Transit Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Moss, Marcus & Wels, of New York City (Isidor Wels, of New York City, of counsel), for appellant.

James L. Quackenbush, of New York City (Walter Henry Wood, of New York City, of counsel), for respondent.

BIJUR, J.   Plaintiff sues to recover damages for personal injuries sustained by her on the platform of the City Hall station of the defendant company. After the first trial of this case, the judgment was reversed by this court (157 N. Y. Supp. 753), for the reason that the trial court submitted to the jury the question whether the injuries were caused by the overcrowded condition of the platform, of which there was no proof; this court saying:

"The case should have been submitted to the jury upon the question as to whether the defendant made provision for moderating undue crowding and whether there was any negligent failure on the part of the platform men to discharge their duty."

On this trial plaintiff amended its complaint to meet this opinion, so that it stated defendant's negligence as follows:

"That the crowds upon the said platform at such times were very large, and the platform was taxed to its capacity; that the pushing and crowding of passengers by other passengers and persons on said platform at such hours was a matter of common occurrence, and said defendant, notwithstanding the said condition at the time mentioned in this complaint and prior thereto, failed to provide an adequate force of persons, and failed to take effective measures, to protect passengers from being pushed and crowded by other passengers."

[1] Respondent still clings to the contention that it is necessary for plaintiff to show that the platform itself was overcrowded, basing this upon the language of the pleading: "The said platform was taxed beyond its capacity." That phrase, however, does not detract from the other negligence amply pleaded.

[2] Plaintiff's testimony discloses that the crowds on the platform at the 6 o'clock hour were very large, and that they congregated in large groups at the gates of defendant's trains. There is ample testimony on her part from which the jury might find that there were no guards at or near the crowd of which she was one, and that there was nobody there regulating the crowd, or giving them instructions how to move. We therefore have a case where there was evidence of

continued undue pushing and crowding at certain points, and of lack of provision for moderating or controlling it, and it was error on the part of the court not to submit it to the jury. Bacon v. Hudson & Man. R. R. Co., 154 App. Div. 742, 139 N. Y. Supp. 740; Reschke v. S., L. S. & N. R. Co., 155 App. Div. 48, 139 N. Y. Supp. 555, affirmed 211 N. Y. 602, 105 N. E. 1097.

The judgment must be reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.